UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RANDY LAMELL DENNIS, #321790,

        Petitioner,

v.                         CIVIL ACTION NO. 2:06cv82

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

By order dated March 18, 2003, Petitioner, Randy Lamell Dennis ("Dennis"), was convicted in the Circuit Court for the City of Fredericksburg ("Circuit Court") of three (3) counts of distribution of cocaine, one (1) count of possession of cocaine with the intent to distribute, and one (1) count of possession of

ecstasy with intent to distribute.[1]  Following a sentencing hearing

on May 6, 2003, Dennis was sentenced to a total of forty (40) years

imprisonment, of which twenty-five (25) years were suspended, for

a total active sentence of fifteen (15) years, as reflected in the

court's sentencing order dated May 20, 2003.

On May 12, 2003, Dennis noted his intent to appeal to the

Court of Appeals of Virginia.  Thereafter, on September 22, 2003,

Dennis filed the petition for appeal in the  Court of Appeals of

Virginia ("Court of Appeals").[2]  On December 23, 2003, the Court of

Appeals considered the merits of Dennis's appeal, but found that

the trial court did not abuse its discretion by denying the motion

for a continuance.[3]  Record No. 1213-03-2 ("Dennis I").  On January

_____

[1]Dennis was represented at trial and at the subsequent
sentencing by Benjamin H. Woodbridge, Jr., Esq. ("Attorney
Woodbridge").  Attorney Woodbridge also represented Dennis during
his direct appeals.

[2]In that petition, Dennis raised a single ground for appeal,
namely, that the trial court erred in denying his motion for a
continuance at the beginning of trial.

[3]In denying the petition, the Court of Appeals noted that
under Virginia Law, the decision to grant or deny a continuance of
a trial lies squarely within the trial court's discretion, and that
decision will not be upset on appeal "unless it is plainly wrong."
Dennis I, at 1 (quoting Cardwell v. Commonwealth, 248 Va. 501, 508
(1994)).  The Court of Appeals reviewed the procedural history and
noted that while Dennis had been arraigned on June 12, 2002, and a
bench trial had been set for July 30, 2002, the trial had been
continued several times in large part because Dennis had not made
sufficient efforts to summons certain out-of-state witnesses
residing in New York City.  Id.  The trial was first continued to
September 16, 2002, at the Commonwealth's request, with no
objection by Dennis; the trial was then continued to December 2,
2002, over the Commonwealth's objection, because Dennis had not
attempted to summons the witnesses; on December 2, 2002, the trial

22, 2004, Dennis filed a petition for appeal in the Supreme Court of Virginia.[4]   On June 8, 2004, the Supreme Court of Virginia summarily refused the petition for appeal.   Record No. 040166 ("Dennis II").   Dennis did not file a petition for certiorari in the United States Supreme Court.

On March 7, 2005,[5] Dennis executed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia ("state

---

was again continued until December 23, 2002, because Dennis still had not procured the attendance of his witnesses; on December 18, 2002, for the first time, Dennis attempted to summons the out-of-state witnesses, after which the trial court continued the trial to March 13, 2003; then on March 13, 2003, the appointed day of trial, Dennis still had not been able to arrange for his witnesses to appear, allegedly because the New York trial court refused to issue the out-of-state summonses. Id. at 1-2. At that point, nearly nine (9) months after the original trial date and six (6) months after the first continuance date, the "trial court found that [Dennis's] counsel had done everything he could to secure the presence of the witnesses but that '[a]fter six months it is time to proceed,'" and the court denied Dennis's final motion for a continuance. Id. at 2-3. The Court of Appeals determined that, based on this record, the trial court did not abuse its discretion in denying the motion for a continuance. Id. at 3.

[4]In that petition, Dennis raised the same ground for appeal as was raised in the Court of Appeals, namely, that the trial court erred in denying his motion for a continuance at the beginning of trial.

[5]The petition appears to have been executed on March 7, 2005, but it was not stamped as filed by the court until March 16, 2005. The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing." Va. Sup. Ct. R. 3A:25. In the absence of evidence to the contrary, the Court has applied this rule in considering Dennis's state habeas petition, for statute of limitations purposes, as filed on March 7, 2005.

3

habeas petition"). [6]   The Supreme Court of Virginia denied and dismissed the petition by order dated August 30, 2005. [7]   Record No.

---

[6]In that petition, Dennis raised the following grounds:
(a) Ineffective assistance of counsel for failure to:
    (1) Raise at trial that testimony by two (2) of the Commonwealth's witnesses, namely, the informants who made the drug purchases, was conflicting, inconsistent and unbelievable as to whether the drug seller was wearing anything on his head at the time of the purchases;
    (2) Raise at trial that an alleged telephone conversation between Dennis and a police informant was inadmissible hearsay since the informant was not present at trial to testify; and
    (3) Raise on direct appeal that the evidence was insufficient because the testimony of the Commonwealth's witnesses was inconsistent as to whether the seller of the drugs was wearing a head covering;
(b) His convictions at trial violated the Double Jeopardy Cause; and
(c) His convictions at trial were the result of malicious prosecution by the Commonwealth because the informant to whom he allegedly sold drugs did not testify at trial, which violated his constitutional rights to a fair trial and to due process.


[7]By order dated March 23, 2005, the Supreme Court of Virginia required Respondent to show cause why the writ should not be issued, which led to Respondent's motion to dismiss the petition and Dennis's motion in opposition thereto. Ultimately, the Supreme Court of Virginia granted Respondent's motion, holding that:
    1. As to claim (a), Dennis's petition failed under both the "performance" and "prejudice" prongs of Strickland v. Washington, 466 U.S. 668 (1984). Dennis III, at 1-3. As to claim (a)(1), the court found that Dennis had not shown counsel was ineffective because, while the record showed there was a discrepancy in the testimony whether the seller was wearing a head covering, both informants positively identified Dennis as the seller at trial. Id. at 2. Thus, Dennis failed to establish counsel's efforts were deficient or that, but for counsel's alleged error, there was a reasonable likelihood of a different outcome in the proceeding.

321790 ("<u>Dennis III</u>").   On September 19, 2005, Dennis filed a motion for reconsideration, which was summarily denied by the Supreme Court of Virginia on November 10, 2005.   Record No. 321790 ("<u>Dennis IV</u>").

On January 30, 2006, while in the custody of the Virginia Department of Corrections at the Buckingham Correctional Center,[8] Dennis executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("federal habeas petition").[9]

---

<u>Id.</u>   Similarly, as to claim (a)(3), the record reflected that counsel determined the informants' positive identification of Dennis as the seller at trial obviated a good-faith appeal on the identification issue (citing <u>Jones v. Barnes</u>, 462 U.S. 745, 751-52 (1983) (counsel has discretion to select those issues to be raised on appeal, and counsel need not address every possible issue on appeal)), thus Dennis had failed to establish counsel's efforts were deficient or that, but for counsel's alleged error, there was a reasonable likelihood of a different outcome in the proceeding. <u>Id.</u> at 2.  As to claim (a)(2), the court held the claim was without merit because no inadmissible hearsay was adduced at trial since the record indicated that neither of the informants who testified about a telephone call between Dennis and a third informant, who did not testify at trial, was able to identify the caller and neither testified as to the <u>contents</u> of the conversation.  <u>Id.</u> at 2-3.

2. As to claims (b) and (c), both claims were procedurally defaulted under <u>Slayton v. Parrigan</u>, 215 Va. 27, 29 (1974), <u>cert. denied</u>, 419 U.S. 1108 (1975), because any such non-jurisdictional issues that could have been raised at trial or on direct appeal are not cognizable in habeas.  <u>Dennis III</u>, at 3.

[8]On March 27, 2006, Dennis sent notice to the Court that he had been moved to the Pulaski Correctional Center, where he is presently confined.

[9]The federal habeas petition appears to have been executed on January 30, 2006, though it was unsigned, and was received and filed by the United States District Court for the Eastern District of Virginia, Roanoke Division, on February 2, 2006, along with a motion to proceed <u>in forma pauperis</u>.  On February 7, 2006, it was

This Court directed that the federal habeas petition be filed in its order of April 10, 2006.  On May 9, 2006, Respondent filed Respondent's Motion to Dismiss and Rule 5 Answer, accompanied by a supporting brief ("Respondent's Brief"), and a Notice of Motion Pursuant to Local Rule 7(J).[10]  On July 3, 2006, the Court received from Dennis a Brief in Opposition to Respondant's [sic] Motion to Dismiss ("Dennis's Brief in Opposition").[11]

---

decided to transfer the case from the Roanoke Division to the Norfolk Division.  In so doing, the case was received by the Richmond Division on February 8, 2006, and remained conditionally filed with this Court until Dennis paid the required $5.00 filing fee, and the Court directed the petition to be filed in its order dated April 10, 2006.  Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d), as amended on December 1, 2004, the Court recognizes the prison mailbox rule for federal habeas petitions.  However, because the original petition was unsigned, and because Dennis did not attest that he placed the petition in the prison system's internal mailing system on the date it was signed, Dennis is not entitled to the benefit of the mailbox rule.  Accordingly, the Court considers Dennis's petition as filed, for statute of limitations purposes, on the date it was filed in the Roanoke Division, February 2, 2006.

[10]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975).  This included advising Dennis that he had twenty (20) days in which to file a response to the Motion to Dismiss.

[11]The Court notes that on May 24, 2006, Dennis moved for an extension of time in which to file his response, which the Court granted by its order, dated May 30, 2006, directing Dennis to file his response on or before June 30, 2006.  Though Dennis's Brief in Opposition was not filed in this Court until July 3, 2006, the Court notes that Dennis appears to have attempted to comply with the Court's direction insofar as he placed the document in the prison system's mailing system on June 28, 2006.  Accordingly, the Court has considered Dennis's Brief in Opposition in making the instant recommendations.

## B. <u>Grounds Alleged</u>

Dennis now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

(1) Ineffective assistance of counsel for failure to:
   (a) Raise at trial that testimony by two (2) of the Commonwealth's witnesses, namely, the informants who made the drug purchases, was conflicting, inconsistent and unbelievable as to whether the drug seller was wearing anything on his head at the time of the purchases;
   (b) Raise at trial that an alleged telephone conversation between Dennis and a police informant was inadmissible hearsay since the informant was not present at trial to testify; and
   (c) Raise on direct appeal that the evidence was insufficient because the testimony of the Commonwealth's witnesses was inconsistent as to whether the seller of the drugs was wearing a head covering;

(2) His convictions at trial violated the Double Jeopardy Cause;

(3) His convictions at trial were the result of malicious prosecution by the Commonwealth because the informant to whom he allegedly sold drugs did not testify at trial, which violated his constitutional rights to a fair trial and to due process; and

(4) His rights to due process and under the Sixth Amendment were violated because he was denied the opportunity to confront a witness against him (i.e., the police informant).[12]

Dennis did not raise any of these claims in his direct appeals.

Claim 1, which is cognizable only in habeas, was raised in his

---

[12]The Court notes that while Dennis did not specifically identify a fourth ground for relief in his federal habeas petition, it appears that he attempted to raise this claim at pages 5A-5B of the attachments to his federal habeas petition, and he numbered a fourth claim at page two (2) of his Brief in Opposition.

state habeas petition and dismissed on the merits by the Supreme Court of Virginia in <u>Dennis III</u>.  Claims 2 and 3 were also raised in his state habeas petition but dismissed as procedurally defaulted by the Supreme Court of Virginia in <u>Dennis III</u>.  Claim 4 was not raised by Dennis in any state-court proceeding.

## II.  <u>PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING</u>

As a preliminary matter, the Court considers Dennis's request for an evidentiary hearing.  <u>See</u> federal petition, at 15.  The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised.  <u>See</u> Rule 8 of the Rules Governing Section 2254 Cases.  Accordingly, the Court DENIES Dennis's motion for an evidentiary hearing.

## III.  <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court FINDS that each of Dennis's claims are exhausted, but that only claim 1 should be addressed on the merits.[13]  The

---

[13]The Court notes that Respondent has not addressed whether the instant federal habeas petition was timely filed.  It appears that Dennis's conviction became final on September 6, 2004, which was ninety (90) days after the denial of his direct appeal on June 8, 2004 by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired.  <u>See</u> U.S. Sup. Ct. R. 13(1); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Accordingly, Dennis had a one (1) year statute of limitations from that date, or until September 6, 2005, in which to file his habeas petition with this Court.  28 U.S.C. § 2244(d)(1).  However, because the limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ," 28 U.S.C. § 2244(d)(2), Dennis was entitled to

Court further FINDS that claims 2, 3 and 4 are procedurally defaulted, and that Dennis has failed to demonstrate cause and actual prejudice to excuse the procedural default. Accordingly, the Court declines to address claims 2, 3 and 4 on the merits.

## A. **Exhaustion Requirement**

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b) and (c); Picard v. Conner, 404 U.S. 270, 275 (1971). As such, this Court cannot grant habeas relief unless Dennis has exhausted the remedies available to him in the courts of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (if a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). "Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims," thus a petitioner "must give

---

tolling for 248 days while his state habeas petition was pending (between March 7, 2005, the date on which the state habeas petition was filed, see supra note 5, and November 10, 2005, the date the petition was dismissed by the Supreme Court of Virginia). Accordingly, Dennis had until May 12, 2006 to file his federal habeas petition. Because the instant federal habeas petition was considered as filed on February 2, 2006, see supra note 9, for statute of limitations purposes, it was timely filed in this Court.

the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 844-45 (emphasis in original). In order for a claim to be considered exhausted, it must be "'fairly presented' to the state courts," which means "that both the operative facts and the 'controlling legal principles'" must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Pickard v. Connor, 404 U.S. 270, 275-78 (1971); Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.")

It is the petitioner's burden to prove that his claims have been exhausted. Matthews, 105 F.3d at 911. If his claims could not be exhausted in state court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Matthews, 105 F.3d at 911 ("the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later

presented to the state court"). Such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

### 1. Claim 1

Respondent appears to concede that the instant claim 1 is exhausted because Dennis raised this claim in his state habeas petition, which was considered and rejected on the merits by the Supreme Court of Virginia, Dennis III. Respondent's Brief, at 8. The Court concurs and FINDS that claim 1 has been exhausted and should be addressed on the merits.

### 2. Claim 4

Respondent asserts that the instant claim 4 was never properly exhausted because that claim was never presented to any state court – whether on direct appeal to the Supreme Court of Virginia or in the state habeas petition. Respondent's Brief, at 6. As Respondent further asserts, therefore, claim 4 is simultaneously exhausted and procedurally defaulted. Id. at 7. Dennis had knowledge of the facts underlying this claim at the time he filed his direct appeal, namely, that he was prevented from confronting the police informant as a witness at trial, and he could have raised the claim at that time. Because he failed to do so, the claim would now be barred from review by the Supreme Court of Virginia as procedurally defaulted under Virginia law, Va. Code Ann. § 8.01-654(B)(2). See Clagett, 209 F.3d 370 at 378-79. This

rule has been held to be an "adequate and independent state ground" barring federal habeas review of the defaulted claims. Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). Accordingly, claim 4 is exhausted due to procedural default. Coleman, 501 U.S. at 750.

### 3. Claims 2 and 3

Respondent further asserts claims 2 and 3 of the federal habeas petition are barred from review in this Court because they were barred from review under state procedural rules. Respondent's Brief, at 7-8. Any claims procedurally barred in state court pursuant to an adequate and independent state procedural rule are procedurally defaulted in federal court, and, consequently, are ordinarily barred from federal habeas review. Coleman, 501 U.S. at 750. In dismissing Dennis's state habeas petition, the Supreme Court of Virginia held that claim (a) (that his convictions violated double jeopardy, raised as claim 2 of the federal habeas petition) and claim (b) (that he was the victim of malicious prosecution, raised as claim 3 of the federal habeas petition) were barred from state habeas review because they could have been raised at trial or on direct appeal, but were not. Dennis III, at 3. In making this ruling, the court relied on Slayton v. Parrigan, 215 Va. 27, 29 (1974), which the courts consistently have held constitutes such an independent-and-adequate state-law ground so as to support procedural default in federal court. Smith v. Murray,

477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Thus, this Court FINDS that Dennis's claims 2 and 3 in the instant federal habeas petition are procedurally defaulted from federal review.

### B.  Procedural Default

The Court has determined that claims 2, 3 and 4 of the federal habeas petition are procedurally defaulted, supra. Nevertheless, Dennis can still obtain review of his claims in this Court if he can meet one of the exceptions to the procedural-default doctrine.

### 1. Limited Exceptions to Procedural Default

Although claims 2, 3 and 4 are procedurally defaulted, Dennis may still obtain review of his claims if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

As to the first exception, cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause"
> include: (1) "interference by officials that

13

> makes compliance with the State's procedural
> rule impracticable"; (2) "a showing that the
> factual or legal basis for a claim was not
> reasonably available to counsel"; (3) novelty
> of the claim; and (4) constitutionally
> ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting

McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)).  An absence of due

diligence by the petitioner will defeat an assertion of cause.  See

Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

In the instant case, Dennis concedes in his federal habeas

petition that these claims were never raised in his direct appeal,

federal petition, at 6, 8, 9, though he did include the claims in

his state habeas petition.  As to claim 4, Dennis now attempts to

establish cause for the procedural default by asserting that his

failure to articulate the claim 4 in his state-court filings was a

"laymen [sic] mistake" and that the claim actually "fell under the

scope of [another] claim."  Dennis's Brief in Opposition, at 4.  As

to claims 2 and 3, Dennis makes the conclusory assertions that "he

has shown 'prejudice and cause'" to excuse the procedural default,

id. at 5, but his supporting arguments merely restate the basis for

his original petition and do not provide the Court with any grounds

on which to find cause to excuse the procedural default.  In all

respects, therefore, none of the above-referenced factors support

a finding of cause.  First, Dennis has failed to make any showing

that action by the government prevented him from raising the issue

on appeal.  See Smith v. United States, 2005 WL 2657386 at *2 (E.D.

14

Va.)  Second, Dennis has not made a credible showing that he or his counsel were unaware of the circumstances underlying this claim.[14] See id.  Third, Dennis does not make any assertion of a new rule of law that would justify cause in this instance.  Finally, Dennis cannot establish cause for the procedural default of these claims by asserting ineffective assistance of counsel at this juncture because he never exhausted such a claim in a state court proceeding.  See Edwards v. Carpenter, 529 U.S. 446, 453 (2000); see also Williams v. French, 146 F.3d 203, 210 n.9 (4th Cir. 1998) (ineffective assistance of counsel claim "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default") (citing Murray v. Carrier, 477 U.S. 478, 489 (1986)).  Consequently, Dennis has failed to establish the requisite cause for his failure to comply with the applicable state procedural rules for this Court to hear

---

[14]Indeed, even were the Court to construe Dennis to argue that he should be excused for his unfamiliarity with the legal system and his pro se status, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray, 477 U.S. at 488.  See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

his petition on the merits.[15]

The Court does not consider the "miscarriage of justice" exception.  It is the petitioner's burden to establish the exception and Dennis has not provided evidence that but for the asserted constitutional errors, no reasonable juror would have found him guilty.  See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing Herrera v. Collins, 506 U.S. 390, 401-02, 429 (1993) (White, J., concurring), incorporating the standard established in Jackson v. Virginia, 443 U.S. 307, 317 (1979)).

Accordingly, the Court FINDS that claims 2, 3 and 4 raised in the instant federal habeas petition are procedurally barred before this Court, and recommends that these claims should be DENIED.

**C.**  **Claims Rejected on the Merits in State Proceedings**

The Court now considers claim 1 on the merits.

**1. Merits Analysis**

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

---

[15]Insofar as Dennis has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether Dennis has provided adequate grounds for a determination of actual prejudice as a result of the defaulted claims.  The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted).

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[].") Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387.  Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable." Id. at 411.

### 2. Claim 1: Ineffective Assistance of Counsel

In claim 1, Dennis has asserted ineffective assistance of counsel.  The controlling standard for such claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  As such, to grant Dennis relief on his claims, this Court must find that the state court's dismissal of those claims involved an unreasonable application of Strickland.  Under Strickland, the state court was required to subject Dennis's claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice.  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  To grant relief, the state court had to find: (1) Dennis's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689.  The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action

18

'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381. Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477 U.S. at 386, and avoid "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); see also Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the Strickland analysis presents an equally rigorous standard. To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. Strickland, 466 U.S. at 693. Rather, the petitioner must demonstrate "a reasonable probability[16] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As with the first prong, the reviewing

---

[16]The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

court must consider the totality of the evidence before it in conducting the prejudice inquiry.  Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order.  Strickland, 466 U.S. at 697.  The court need not even address both prongs if the petitioner fails to make a sufficient showing on one.  Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim.  See id.

### a.  Claim 1(a)

In claim 1(a), Dennis asserts that counsel was ineffective for failure to argue at trial that testimony by two (2) of the Commonwealth's witnesses, namely, the informants who made the drug purchases, was conflicting, inconsistent and unbelievable.  Federal petition, Attachment, at 1.  Specifically, Dennis asserts that testimony by the Commonwealth's witnesses, Leroy Luck, Jr. and Inga Brown, was in conflict as to whether the drug seller was wearing anything on his head at the time of the purchases,[17] thus counsel

---

[17]In his Brief in Opposition, Dennis refers to the testimony by the Commonwealth's witnesses, Leroy C. Luck, Jr. and Inga Brown. Though Dennis refers specifically to pages 70-74 of the trial transcript, which includes the relevant testimony by Ms. Brown, the Court notes that the relevant testimony of Mr. Luck is found at pages 44-46:

> [Testimony by Inga Brown during cross-examination]:
> Q:  And the photograph that you were shown after the fact by Detective Gentry, can

```
        you tell me how that person was dressed
        in the photograph?
A:      If I'm not mistaken, he had on like a
        jacket and his bandana on his head with a
        hat like a rag and a hat on his head.
Q:      Okay. The person who came to the Ramada
        hotel room on March 27th had a doo rag on
        his head?
A:      I can't recall, sir.
Q:      Might have?
A:      He may have.
Q:      Was the person that came to the Ramada on
        March 27th, similar to the individual
        depicted in that photograph?
A:      Yes, sir.
Q:      Well, now, without inferring, without
        attempting to be argumentative, Ms.
        Brown, you told me a moment ago how the
        person was dressed.  Now you're telling
        me that the person that came to the motel
        was dressed similarly to the person you
        saw in the photograph.  How can I
        reconcile those two statements?
A:      Because it's coming back to me now.
Q:      Am I assisting you?
A:      Sure.
.
.
.
Q:      And you're also relatively certain that
        the individual who came to the Ramada, on
        March 27th, had a doo rag [on his head]?
A:      Yes, sir.
Q:      And – and your concentration on the
        witness stand is aiding you and
        refreshing your recollections, correct?
A:      Correct.

[Testimony by Leroy C. Luck, Jr., during
cross-examination]:
Q:      How was this individual, that came to the
        motel room, dressed?  What did he have
        on?
A:      I can't remember, to tell you the truth.
Q:      You can't?
A:      No, sir.
```

21

should have "pursued[d] objections and arguments of [such] material issues at trial." Id.

In the instant case, because the Supreme Court of Virginia summarily rejected Dennis's motion for reconsideration of the denial of his state habeas petition, Dennis IV, this Court looks to the denial of his petition in the Supreme Court of Virginia, Dennis III, as the last reasoned state judgment on this claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The Supreme Court of Virginia considered this claim in Dennis III and rejected it on the merits, citing Strickland v. Washington, 466 U.S. 668 (1984).

---

```
Q:  Do you have any recollection at all about
    his clothes, the coloring of his clothes,
    the style of his clothes?  Nothing?
A:  I only recognized his face is all.
Q:  Did he have any head – any wearing on his
    head?
A:  No, he didn't have anything on his head.
.
.
.
Q:  Well, you really can't remember here
    today, if the individual who came to the
    motel room was the same person depicted
    in the photograph?
A:  Yeah, I can remember that –
Q:  Well, if you can't remember what the
    photograph looked like, how can you say
    here today – wait let me finish the
    question – how can you say here today
    that that photograph, about which you
    cannot remember, depicted the individual
    who came to the motel room?
A:  I remember his face.
```

Trial Transcript, at 4-46.

Accordingly, this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable." See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Little, 196 F.3d 1174, 1178 (10th Cir. 1999)).

The Supreme Court of Virginia found that this claim in Dennis's state habeas petition failed under both the "performance" and "prejudice" prongs of Strickland. Dennis III, at 1-3. Specifically, the court found that Dennis had not shown counsel was ineffective because, while the record showed there was a discrepancy in the testimony whether the seller was wearing a head covering, both informants positively identified Dennis as the seller at trial. Id. at 2. Thus, Dennis failed to establish counsel's efforts were deficient or that, but for counsel's alleged error, there was a reasonable likelihood of a different outcome in the proceeding.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies, 28 U.S.C. § 2254(d). See supra Section III.C.1. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable

application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of Strickland v. Washington, 466 U.S. 668 (1984), which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Dennis has failed to show that the Supreme Court's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 1(a) be DENIED.

### b.  Claim 1(b)

In claim 1(b), Dennis asserts that counsel was ineffective for failure to argue at trial that an alleged telephone conversation between Dennis and a police informant was inadmissible hearsay since the informant was not present at trial to testify.  Federal petition, Attachment, at 2.  Specifically, Dennis refers to a telephone call that allegedly occurred between Dennis and a police informant, and that was used to establish the fact that a drug buy had been arranged, and Dennis argues that his counsel was ineffective for failing to object to testimony about that call by two (2) other informants on hearsay grounds.  Id. at 2-3.  Dennis further argues that because neither of the other informants spoke with the alleged caller (Dennis), that call could not have been used

24

to identify the caller.  _Id._ at 2.

This Court again looks to the disposition of his petition in the Supreme Court of Virginia, _Dennis III_, as the last reasoned state judgment on this claim.  _Ylst_, 501 U.S. at 803.  That court rejected Dennis's ineffective assistance of counsel claim on the merits, under _Strickland_, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  _See_ _Bell_, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim on the merits and, based on its review of the record, found that Dennis failed to satisfy either prong of _Strickland_ for this claim because no inadmissible hearsay was adduced at trial.  _Dennis III_, at 3. The court found that the record indicated neither of the informants who testified about the telephone call between Dennis and the third informant was able to identify the caller and neither testified as to the _contents_ of the conversation.  _Id._ at 2-3.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  _See_ _Bell_, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies, 28 U.S.C. § 2254(d).  _See supra_ Section III.C.1.  There is nothing to suggest that adjudication on the merits by the state court was contrary to,

or an unreasonable application of, clearly established federal law. On its face, the state court's rationale appears to be a reasonable application of <u>Strickland</u>, which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Dennis has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that claim 1(b) be DENIED.

### c. Claim 1(c)

In claim 1(c), Dennis asserts that counsel was ineffective for failure to argue on direct appeal that the evidence was insufficient because the testimony of the Commonwealth's witnesses was inconsistent as to whether the seller of the drugs was wearing a head covering. Federal petition, Attachment, at 1. Specifically, Dennis argues that any competent counsel would necessarily have raised such an issue on appeal because of the vast discrepancy between the testimony of the witnesses that could have changed the outcome of the trial. <u>Id.</u>

This Court again looks to the disposition of his petition in the Supreme Court of Virginia, <u>Dennis III</u>, as the last reasoned state judgment on this claim. <u>Ylst</u>, 501 U.S. at 803. That court

26

rejected Dennis's ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim on the merits and found that Dennis failed to satisfy either prong of Strickland for this claim because the record reflected that counsel determined the informants' positive identification of Dennis as the seller at trial obviated a good-faith appeal on the identification issue. Dennis III, at 2 (citing Jones v. Barnes, 462 U.S. 745, 751-52 (1983) (counsel has discretion to select those issues to be raised on appeal, and counsel need not address every possible issue on appeal). On that basis, the court found that Dennis had failed to establish counsel's efforts were deficient or that, but for counsel's alleged error, there was a reasonable likelihood of a different outcome in the proceeding. Id. at 3.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies, 28 U.S.C. § 2254(d). See supra Section III.C.1. There is nothing to suggest that adjudication on the merits by the state court was contrary to,

27

or an unreasonable application of, clearly established federal law. On its face, the state court's rationale appears to be a reasonable application of <u>Strickland</u>, which provides the controlling standard in ineffective assistance of counsel claims.   Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Dennis has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.   Accordingly, this Court RECOMMENDS that claim 1(c) be DENIED.

## IV. <u>RECOMMENDATION</u>

For the foregoing reasons, having denied Dennis's request for an evidentiary hearing, the Court recommends that Dennis's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Dennis's claims be DISMISSED WITH PREJUDICE.

Dennis has failed to demonstrate "a substantial showing of the denial of a constitutional right."   Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## V. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are

28

notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b).

2.  A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Entered on January 31, 2007

                              _____/s/_____
                              F. Bradford Stillman
                              United States Magistrate Judge

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Randy Lamell Dennis, #321790
Pulaski Correctional Center
P.O. Box 1188
Dublin, VA  24084
PRO SE

Josephine F. Whalen, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219


Fernando Galindo,
Acting Clerk of Court


By:  _____
         Deputy Clerk

         January    , 2007